MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
ROBERT GUTIERREZ ROSARIO,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff,*

-against-

ERNIE'S AUTO DETAILING INC.  (D/B/A
ERNIE'S AUTO DETAILING INC.),
ERNESTO DECENA , ROMAN DOE ,
JERRY DOE , LEO DOE , KELVIN DOE ,
and LEO DOE ,

*Defendants.*

-----------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Robert Gutierrez Rosario ("Plaintiff Gutierrez" or "Mr. Gutierrez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Ernie's Auto Detailing Inc. (d/b/a Ernie's Auto Detailing Inc.), ("Defendant Corporation"), Ernesto Decena,  Roman Doe,  Jerry Doe, Leo Doe,  Kelvin Doe, and  Leo Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Gutierrez is a former employee of Defendants Ernie's Auto Detailing Inc. (d/b/a Ernie's Auto Detailing Inc.), Ernesto Decena, Roman Doe, Jerry Doe, Leo Doe, Kelvin Doe, and Leo Doe.

2.    Defendants own, operate, or control a car service company, located at 404 Clifton Ave, Clifton, NJ 07011,  with service centers at the Mercedes Benz dealers located at 77 E. Main St., New Rochelle , NY  10801 (hereinafter "the New Rochelle location") , and at 321 Ny-22, Goldens Bridge, NY 10526 (hereinafter "the Goldens Bridge location"), at the Nissan dealer located at 6551 5th Avenue, Brooklyn, NY 11220  (Hereinafter "the Nissan location") and at the Audi dealer located at 665 65th St, Brooklyn, NY 11220 (hereinafter the Audi location"), under the name "Ernie's Auto Detailing Inc.".

3.    Upon information and belief, individual Defendants Ernesto Decena, Roman Doe, Jerry Doe, Leo Doe, Kelvin Doe, and Leo Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the car service as a joint or unified enterprise.

4.    Plaintiff Gutierrez was employed as an auto detailing worker at the Mercedes Benz dealers located at 77 E. Main St., New Rochelle, NY  10801 and at 321 Ny-22, Goldens Bridge, NY 10526, at the Nissan dealer located at 6501 5th Avenue, Brooklyn, NY 11220 and at the Audi/Lexis dealer located at 665 65th St, Brooklyn, NY 11220.

5.    At all times relevant to this Complaint, Plaintiff Gutierrez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.    Rather, Defendants failed to pay Plaintiff Gutierrez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Further, Defendants failed to pay Plaintiff Gutierrez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Gutierrez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gutierrez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Gutierrez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Gutierrez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Gutierrez's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and

Defendants maintain two of the three relevant service centers within this district. Further, Plaintiff Gutierrez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14.     Plaintiff Robert Gutierrez Rosario ("Plaintiff Gutierrez" or "Mr. Gutierrez") is an adult individual residing in New York County, New York.

15.     Plaintiff Gutierrez was employed by Defendants at Ernie's Auto Detailing, Inc. from approximately July 2017 until on or about March 23, 2020.

16.     Plaintiff Gutierrez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a car service company, located at 404 Clifton Ave, Clifton, NJ 07011 with service centers at the Mercedes Benz dealers located at 77 E. Main St., New Rochelle , NY  10801 and at 321 Ny-22, Goldens Bridge, NY 10526, at the Nissan dealer located at 6551 5$^{th}$Avenue, Brooklyn, NY 11220 and at the Audi/Lexis dealer located at 665 65th St, Brooklyn, NY 11220 under the name "Ernie's Auto Detailing Inc.".

18.     Upon information and belief, Ernie's Auto Detailing Inc. (d/b/a Ernie's Auto Detailing Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 404 Clifton Ave, Clifton, NJ 07011.

19.     Defendant Ernesto Decena is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ernesto Decena is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ernesto Decena possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Roman Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Roman Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Roman Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Jerry Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jerry Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Jerry Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Leo Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leo Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Leo Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Kelvin Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kelvin Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Kelvin Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Leo Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leo Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Leo Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate a car service company with service centers at the Mercedes Benz dealers located at 77 E. Main St., New Rochelle , NY  10801, and at 321 Ny-22, Goldens Bridge, NY 10526, at the Nissan dealer located at 6551 5<sup>th</sup>Avenue, Brooklyn, NY 11220  and at the Audi/Lexis dealer located at 665 65th St, Brooklyn, NY 11220under the name "Ernie's Auto Detailing Inc."..

26.     Individual Defendants, Ernesto Decena, Roman Doe, Jerry Doe, Leo Doe, Kelvin Doe, and Leo Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Gutierrez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gutierrez, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Gutierrez (and all similarly situated employees) and are Plaintiff Gutierrez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Gutierrez and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendant Ernesto Decena operates Defendant Corporation as either an alter ego of  himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiff Gutierrez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Gutierrez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Gutierrez's services.

33.     In each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the car service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.     Plaintiff Gutierrez is a former employee of Defendants who was employed as an auto detailing worker.

36.     Plaintiff Gutierrez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Robert Gutierrez Rosario*

37.     Plaintiff Gutierrez was employed by Defendants from approximately July 2017 until on or about March 23, 2020.

38.     Defendants employed Plaintiff Gutierrez as an auto detailing worker.

39.     Plaintiff Gutierrez regularly handled goods in interstate commerce, such as car service and other supplies produced outside the State of New York.

40.     Plaintiff Gutierrez's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Gutierrez regularly worked in excess of 40 hours per week.

42.     From approximately July 2017 until on or about October 2017, Plaintiff Gutierrez worked at the New Rochelle location from approximately 8:00 a.m. until on or about 6:00 p.m. to

6:15 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 5:00 p.m., on Saturdays (typically 59 to 60.25 hours per week).

43.     From approximately October 2017 until on or about April 2018, Plaintiff Gutierrez worked at the Goldens Bridge location from approximately 7:45 a.m. to 8:00 a.m. until on or about 6:00 p.m. to 7:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 4:00 p.m., on Saturdays (typically 58 to 64.25 hours per week).

44.     From approximately April 2018 until on or about January 13, 2019, Plaintiff Gutierrez worked at the Nissan location from approximately 8:00 a.m. until on or about 6:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 4:00 p.m. to 5:00 p.m., on Saturdays (typically 58 to 59 hours per week).

45.     From approximately January 14, 2019 until on or about March 2019, Plaintiff Gutierrez worked at the Audi/Lexis location from approximately 7:30 a.m. until on or about 6:30 p.m. to 7:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 4:00 p.m. to 5:00 p.m., on Saturdays (typically 63 to 66.5 hours per week).

46.     From approximately March 2019 until on or about March 22, 2020, Plaintiff Gutierrez worked at the Audi location from approximately 7:50 a.m. to 8:00 a.m. until on or about 6:40 p.m. to 7:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 4:00 p.m. to 5:00 p.m., on Saturdays (typically 62.15 to 64 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff Gutierrez his wages by check.

48.     From approximately July 2017 until on or about January 2018, Defendants paid Plaintiff Gutierrez $9.50 per hour.

49.     From approximately January 2018 until on or about March 2019, Defendants paid Plaintiff Gutierrez $10.00 per hour.

50.     From approximately March 2019 until on or about March 2020, Defendants paid Plaintiff Gutierrez $11 per hour.

51.     Plaintiff Gutierrez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52.     For example, From approximately November 2019 until on or about March 2020, Defendants required Plaintiff Gutierrez to start work 10 minutes prior to his scheduled start time regularly, and did not pay him for the additional time he worked.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gutierrez regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Gutierrez an accurate statement of wages, as required by NYLL 195(3).

55.     Defendants did not give any notice to Plaintiff Gutierrez, in English and in Spanish (Plaintiff Gutierrez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

56.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gutierrez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

57.     Plaintiff Gutierrez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58.     Defendants' pay practices resulted in Plaintiff Gutierrez not receiving payment for all his hours worked, and resulted in Plaintiff Gutierrez's effective rate of pay falling below the required minimum wage rate.

59.     Defendants habitually required Plaintiff Gutierrez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

60.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gutierrez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gutierrez properly for his full hours worked.

62.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gutierrez and other similarly situated former workers.

64.     Defendants failed to provide Plaintiff  Gutierrez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65.     Defendants failed to provide Plaintiff Gutierrez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66.      Plaintiff Gutierrez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67.     At all relevant times, Plaintiff Gutierrez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

68.     The claims of Plaintiff Gutierrez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

69.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

70.     At all times relevant to this action, Defendants were Plaintiff Gutierrez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Gutierrez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

71.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73.     Defendants failed to pay Plaintiff Gutierrez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

74.     Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff Gutierrez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

76.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

77.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Gutierrez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78.     Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79.     Plaintiff Gutierrez (and the FLSA Class members)were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

80.      Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Gutierrez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Gutierrez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

82.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Gutierrez less than the minimum wage.

83.     Defendants' failure to pay Plaintiff Gutierrez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84.     Plaintiff Gutierrez was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

85.      Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

86.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Gutierrez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87.      Defendants' failure to pay Plaintiff Gutierrez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88.      Plaintiff Gutierrez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

89.      Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

90.      Defendants failed to pay Plaintiff Gutierrez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Gutierrez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

91.      Defendants' failure to pay Plaintiff Gutierrez an additional hour's pay for each day Plaintiff Gutierrez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

92.      Plaintiff Gutierrez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

93.      Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

94.      Defendants failed to provide Plaintiff Gutierrez with a written notice, in English and in Spanish (Plaintiff Gutierrez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95.      Defendants are liable to Plaintiff Gutierrez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

96.      Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

97.      With each payment of wages, Defendants failed to provide Plaintiff Gutierrez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98.     Defendants are liable to Plaintiff Gutierrez in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gutierrez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gutierrez and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gutierrez and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Gutierrez and the FLSA Class members;

(e)     Awarding Plaintiff Gutierrez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Gutierrez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gutierrez;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gutierrez;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Gutierrez;

(j)     Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff Gutierrez's  compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Gutierrez;

(l)     Awarding Plaintiff Gutierrez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiff Gutierrez damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Gutierrez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Gutierrez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Gutierrez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gutierrez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

July 21, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 1, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Robert Gutierrez Rosario

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      1 de Julio de 2020

*Certified as a minority-owned business in the State of New York*