# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS:  (631) 247-4661
MY EMAIL ADDRESS IS:  NOEL.TRIPP@JACKSONLEWIS.COM

December 16, 2020

**VIA ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

           Re:    *Robert Gutierrez Rosario v. Ernie's Auto Detailing Inc., et al.*
                  Case No.:  20-cv-03762

Dear Judge Chen:

      We represent Defendants Ernesto Decena ("Mr. Decena") and Ernie's Auto Detailing, Inc. ("Defendants") in the above-referenced matter. We write, pursuant to Rule 3(A) of Your Honor's Individual Rules, to respectfully request a pre-motion conference for permission to partially move to dismiss Plaintiff's Complaint. Plaintiff brings this wage and hour lawsuit under the Fair Labor Standards Act ("FLSA", 29 U.S.C. § et. seq.), for alleged unpaid minimum wage and overtime, as well as certain violations of the New York Labor Law ("NYLL"). Plaintiff has not pled an FLSA minimum wage claim, or a claim against Mr. Decena.

**I.     Plaintiff has Failed to Plead an FLSA Minimum Wage Claim.**

      Plaintiff's Complaint includes a cause of action the FLSA's minimum wage provision (Compl. ¶¶ 69-75) but makes clear he does not possess a minimum wage claim under the FLSA because his minimum wage rate never fell below $7.25 per hour (the FLSA minimum wage at all relevant times) under the longstanding *Klinghoffer* rule. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) ("so long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week"). Plaintiff's allegations confirm this never was the case, and that his rate of pay was well above the federal minimum wage.  Compl. ¶¶ 48-50.  This claim thus fails as a matter of law.

**JacksonLewis**

**II.     Plaintiff's Claims Against Mr. Decena Must Be Dismissed.**

To be held liable under the FLSA (or the NYLL, to the extent such a legal theory can lie), a person or entity must be deemed an "employer." 29 U.S.C. § 203(d); NYLL § 190(3). To proceed against such entity or individual, an FLSA Plaintiff must plead facts rendering plausible his allegation that such individual met the economic realities test set forth in *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999). Plaintiff fails to plead sufficient, particularized facts which might support his claims against the individual Defendant, Mr. Decena. Instead, the Complaint merely parrots the applicable legal standard, reciting as "factual" allegations the elements of the economic realities test (Compl. ¶¶ 19; 26), notwithstanding that any specific factual details relating to the Individual Defendant would be "wholly within [plaintiff's] possession." *Wolman v. Catholic Health Sys. of Long Island*, No. 10-CV-1326, 2011 U.S. Dist. LEXIS 48223, at *10 (E.D.N.Y. May 5, 2011). This boilerplate is insufficient to withstand a motion to dismiss. *Xue Lian Lin v. Comprehensive Health Mgmt.*, No. 08 CV 6519 (PKC), 2009 U.S. Dist. LEXIS 29779, *2 (S.D.N.Y. Apr. 8, 2009) (dismissing Plaintiff's FLSA claims against the individual defendants because the complaint did not sufficiently allege the degree of control by each individual defendant over the "Plaintiff's hours, wages, or other terms and conditions of employment"); *Tracy v. NVR, Inc.*, 04 CV 6451, 2009 U.S. Dist. LEXIS 90778, *15 (W.D.N.Y. Sept. 30, 2009) a*ff'd in relevant part at* 667 F. Supp. 2d 244 (W.D.N.Y. 2009) ("Generally, corporate officers and owners held to be employers under the FLSA have had some direct contact with the plaintiff employee, such as personally supervising the employee's work, determining the employee's day-to-day work schedule or tasks, signing the employee's paycheck or directly hiring the employee.").

\* \* \* \* \* \* \* \*

Accordingly, Defendants respectfully request a pre-motion conference regarding their anticipated motion for dismissal of the Complaint as to Mr. Decena entirely, and as to Plaintiff's FLSA minimum wage claim. We thank the Court for its attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

*Noel P. Tripp*

Noel P. Tripp

NPT:dc
cc:     Counsel of Record (*via ECF*)