# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020                      Telephone: (212) 317-1200
New York, New York 10165                          Facsimile: (212) 317-1620

_____

December 22, 2020

**VIA ECF**
Honorable Pamela K. Chen
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

       Re:     Gutierrez Rosario et al v. Ernie's Auto Detailing Inc. et al.
                   Case No. 20-cv-3762

Dear Judge Chen:

     I am counsel to Plaintiff in the above-referenced matter. I write in opposition to Defendants' letter seeking a pre-motion conference to file a motion to dismiss (ECF # 21) pursuant to Your Honor's rules. Defendants' arguments regarding the insufficiency of the pleadings are inapposite and should be rejected.

                 **I.**      **Plaintiff has adequately pled a FLSA Minimum Wage Claim**

     Defendants' letter relies on *Lundy v. Catholic Health Sys. Of Long Island, Inc.* 711 F. 3d 106 (2d Cir. 2013) to aver that Plaintiff has failed to plead a FLSA Minimum Wage claim as his hourly wage never fell below $7.25 per hour. This is a misstatement of the relevant standard. *Lundy*, decided when the Federal and New York minimum wages were set at the same rate, is plainly distinguishable. As of December 31, 2013, New York has routinely raised its state minimum wage from the federal minimum, and prescribed even higher rates for the regions in which the Plaintiff worked.

     Pursuant to 29 USCS § 218(a), in an instance where a state or municipal minimum wage is higher than the federal minimum wage, a Plaintiff gets the benefit of the higher wage. This Court has routinely affirmed this principle. *See Garcia v Chirping Chicken NYC, Inc.,* 2016 US Dist LEXIS 32750, at *31 (E.D.N.Y. 2016)(" Both [FLSA and New York Labor Law] specify that, where the other statute prescribes a higher minimum wage, the higher wage rate shall control."), *Zurita v. Bergen Pizza Inc.,* 2016 US Dist LEXIS 28170, at *16 (E.D.N.Y. 2016), *Gomez v El Rancho De Andres Carne De Tres Inc.,* 2014 US Dist LEXIS 45580, at *18 (E.D.N.Y. 2014).

     In the instant case, the Plaintiff has pled routinely being paid less than the state minimum wage. From July 27, 2017 until January 2018, the Plaintiff worked for Defendants in Westchester County, NY, and was paid $9.50 per hour. (Comp. ¶¶ 42-43, 48). The minimum wage for Westchester County was $10.00 per hour in 2017 and $11.00 per hour in 2018. NY

CLS Labor § 652(1)(b). Defendants raised his hourly wage to $10.00 per hour in January 2018, where it remained until March 2019 but during this time Defendants transferred Plaintiff to one of their Brooklyn locations. Compl. ¶¶ 44, 49. The relevant state minimum wage for Brooklyn in 2018 was $13.00 per hour and $15.00 in 2019. NY CLS Labor § 652(1)(a). Plaintiff did receive another raised to $11.00 per hour in March of 2019, but at all times he was paid below the relevant regional minimum wage. Compl. ¶ 50.

## II.     Plaintiff has pled facts adequate to show individual defendant Ernesto Decena liable within the

Plaintiff avers that he has adequately pled facts to survive a Motion to Dismiss. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to set forward in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to provide any defendant against whom such claim is made with "fair notice of what the plaintiff's claim is and the ground upon which it rests." Ferro v. Ry. Express Agency, Inc., 296 F.2d 847, 851 (2d Cir. 1961).

In the Second Circuit, in deciding whether a given defendant was the plaintiff's employer for purposes of the FLSA (and analogous NYLL provisions), courts often, though not always, look to the four factors identified in the "formal control" analysis identified in Herman v. RSR Security Services Ltd, 172 F.3d 132, 139 (2d Cir. 1999). Contrary to Defendants' contention, in the context of a small business, control over personnel decisions, work schedules, terms of compensation, and maintenance of employment records can be readily inferred to have rested in the individual Defendants alleged to have served, in their respective alleged capacities, as key stakeholders. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Agnew v. Donovan*, 712 F.2d 1509 (1st Cir. 1983) (cited approvingly in *Irizarry v. Catsimaditis*, 722 F.3d 99 (2d Cir. 2013)). Indeed, concrete allegations that an individual defendant who is an officer or key employee of a corporate entity controlled work schedules or payment practices are not conclusory and suffice to plead such individual defendant's putative individual liability under the FLSA. See, e.g. *Liu v Kueng Chan,* 2020 US Dist LEXIS 34969 (E.D.N.Y. 2020).

Here, Plaintiff has sufficiently claimed that Defendant Ernesto Decena was his employer. The Complaint contains specific allegations of fact more than sufficient for Plaintiffs to meet their burden. Therefore, Defendants' request for a pre-motion conference should be denied.

Plaintiff thanks the Court for its time and attention.
                                                                Respectfully submitted,

                                                                /s/ Clela Errington
                                                                Clela A. Errington, Esq.
                                                                MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                                Attorneys for the Plaintiffs